# UNITED STATES DISTRICT COURT
## Western District of Texas
### San Antonio Division

| | |
|---|---|
| Cynthia Garza, Elsa Toscano, Norma Bexar-Moline, Teresa Villanueva, and San Juana Gomez, individually and on behalf of all those similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>Cherokee Healthcare Services,<br><br>Defendant | Civil Action No: 5:19-cv-353 |

## Plaintiffs' Original Collective Action Complaint

Cynthia Garza, Elsa Toscano, Norma Bexar-Moline, Teresa Villanueva, and San Juana Gomez ("**Plaintiffs**"), individually and on behalf of all others similarly situated ("**Class Members**") brings this Fair Labor Standards Act ("**FLSA**") suit against the above-named Defendant and shows as follows:

1. **Nature of Suit.**

    1.1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA requires the payment of a minimum wage and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the

employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. **Parties.**

   2.1. Plaintiff Cynthia Garza is an individual residing in the Western District of Texas. In the three-year period preceding the filing of this action, Plaintiff Cynthia Garza was employed by Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. as a medical coder.   Plaintiff Cynthia Garza's written consent to become a party plaintiff is being filed with the Court.

   2.2. Plaintiff Elsa Toscano is an individual who was employed by Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. as a medical coder in the three-year period preceding the filing of this action.  Plaintiff Elsa Toscano's written consent to become a party plaintiff is being filed with the Court.

   2.3. Plaintiff Norma Bexar-Moline is an individual who was employed by Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. as a medical coder in the three-year period preceding the filing of this action.  Plaintiff Norma Bexar-Moline 's written consent to become a party plaintiff is being filed with the Court.

2.4. Plaintiff Teresa Villanueva is an individual who was employed by Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. as a medical coder in the three-year period preceding the filing of this action. Plaintiff Teresa Villanueva's written consent to become a party plaintiff is being filed with the Court.

2.5. Plaintiff San Juana Gomez is an individual who was employed by Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. as a medical coder in the three-year period preceding the filing of this action. Plaintiff San Juana Gomez's written consent to become a party plaintiff is being filed with the Court.

2.6. The Class Members are other hourly-paid persons that were employed by Defendant to code medical charts in the three-year period preceding the filing of this action and were not paid overtime as required by the FLSA and were forced to work "off-the-clock."

2.7. Defendant Cherokee Healthcare Services ("**Defendant**") is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

3. **Jurisdiction and Venue.**

    3.1. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein (failure to pay overtime) occurred

in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

3.2. Defendant employs individuals in and carries on substantial business in the Western District of Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

## 4. Coverage.

4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3. At all times hereinafter mentioned, Defendant has been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person

(such as, for example, the payment processing systems for coding medical charts) in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.5. Defendant is a provider of contract healthcare services on a multi-state basis. Two or more of Defendant's employees, engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Defendant's employees used/use:

    4.5.1. computers and telecommunications equipment that has been manufactured and shipped across state lines;

    4.5.2. office equipment, such as copiers, that has been manufactured and shipped across state lines;

    4.5.3. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

    4.5.4. The United States postal system to send mail across state lines; and

    4.5.5. the interstate banking systems to pay Defendant's employees.

4.6. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

4.7. Plaintiffs were employed by Defendant within the applicable statute of limitations.

5. **Factual Allegations.**

   5.1. Defendant provides services to the healthcare industry.

   5.2. Plaintiffs work(ed) for Defendant coding medical charts.

   5.3. Plaintiffs are (were) paid on an hourly basis.

   5.4. Plaintiffs' job responsibilities consisted of non-exempt work.

   5.5. Plaintiffs' primary job duties consisted of conduct that did not require discretion in order to be performed or advanced training. Plaintiffs' duties were routine and did not require the exercise of independent judgment or discretion.

   5.6. Plaintiffs are (were) paid on an hourly basis at a straight time rate. Plaintiffs were not paid for "off-the-clock" hours. Plaintiffs worked hours that Plaintiffs' supervisor(s) refused to record in the timekeeping system.

   5.7. Plaintiffs and similarly situated employees regularly worked in excess of 40 hours a week. Plaintiffs were not paid for hours over 40 in a workweek even though Defendant's management knew Plaintiffs were working over 40 hours in most, if not every, work week.

   5.8. The hours worked by Plaintiffs and the Class Members were not accurately tracked or counted towards total hours worked and no overtime was paid for these hours ("**Uncounted Hours Policy**"). Because Defendant did not accurately track and pay for all hours worked, including overtime hours, Defendant violated the FLSA by failing to pay Plaintiffs overtime compensation for all hours worked in excess of 40 per workweek.

5.9. Plaintiffs and the Class Members were required to log in to the Defendant's IT system.  On many occasions the IT system was down and Plaintiffs and the Class Members were required to remain at or near their computers so they could resume processing data when the system came back online.  Plaintiffs and the Class Members were not compensated for this time.  This was Defendant's "**System Down-Uncompensated Time Policy**."  It was applied uniformly to Plaintiffs and the Class Members.

5.10. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiffs and similarly situated employees.

6. **Collective Action Allegations.**

    6.1. Other employees have been victimized by the Uncounted Hours Policy and the System Down-Uncompensated Time Policy which is in willful violation of the FLSA.  Other hourly employees were paid in the same manner as Plaintiffs, *i.e.,* hours not accurately tracked/counted and forced to work off-the-clock.  The Uncounted Hours Policy of Defendant and the System Down-Uncompensated Time Policy of Defendant have been uniformly imposed on the Class Members.

    6.2. The Class Members performed job duties typically associated with non-exempt employees.  Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly

worked more than 40 hours in a workweek and were not paid one and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

6.3. Accordingly, the employees victimized by Defendant's Uncounted Hours Policy and System Down-Uncompensated Time Policy are similarly situated to Plaintiffs in terms of job duties and pay provisions.

6.4. Defendant's failure to pay the minimum wage and/or overtime compensation at the rates required by the FLSA comes from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiffs' experience is typical of the experience of the Class Members.

6.5. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Class Members.

6.6. Accordingly, the class of similarly situated plaintiffs is properly defined as:

**6.6.1. All hourly paid medical coders (regardless of actual job title) who worked for Defendant within the last three years who worked in excess of 40 hours in one or more workweeks and were not compensated at one**

      **and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks and/or who were forced to work off-the-clock and thus not paid for all hours worked.**

6.7. Plaintiffs bring this action on behalf of similarly situated employees.

6.8. As a collective action, Plaintiffs seek this Court's appointment and\or designation as representatives of a group of similarly situated individuals as defined herein.

**7. Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

7.1. Each and every allegation contained in the foregoing paragraphs 1-6, inclusive, is re-alleged as if fully rewritten herein.

7.2. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

7.3. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff and the Class Members.

7.4. Defendant did not act in good faith and/or have reasonable grounds for a belief that its actions did not violate the FLSA nor did they act in reliance upon any of

the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

8. **Relief Sought.**

   8.1. WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that they and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

   8.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiffs and their counsel to represent the Class Members;

   8.1.2. An Order requiring Defendant to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

   8.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

   8.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

   8.1.5. Pay for all off-the-clock hours worked;

   8.1.6. All unpaid wages and overtime compensation;

8.1.7. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

8.1.8. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

8.1.9. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

8.1.10. Such other relief as to which Plaintiffs may be entitled.

Respectfully submitted,

By: */s/ Chris R. Miltenberger*
Chris R. Miltenberger
Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiffs**